**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | | |
|---|---|---|
| **ALLSTATE INSURANCE COMPANY** | * | |
| 2775 Sanders Road | | |
| Northbrook, Illinois 60062 | * | |
| | | |
| *Plaintiff,* | * | |
| | | |
| v. | * | Civil Action No. |
| | | |
| **WILLIAM BAKER** | * | |
| 1024 Kevin Road | | |
| Baltimore, Maryland 21229 | * | |
| | | |
| and | * | |
| | | |
| **STANLEY ROCHKIND** | * | |
| 1003 Smoke Tree Road | | |
| Baltimore, Maryland 21208 | * | |
| | | |
| and | * | |
| | | |
| **RHODA ROCHKIND** | * | |
| 1003 Smoke Tree Road | | |
| Baltimore, Maryland 21208 | * | |
| | | |
| and | * | |
| | | |
| **CHARLES RUNKLES** | * | |
| 5616 Park Heights Avenue | | |
| Baltimore, Maryland 21215 | * | |
| | | |
| and | * | |
| | | |
| **JACK NOVOGRAD** | * | |
| 5616 Park Heights Avenue | | |
| Baltimore, Maryland 21215 | * | |
| | | |
| and | * | |

**N.B.S., INC.**                                              *

     SERVE ON:   Charles Runkles                     *
                     5616 Park Heights Avenue
                     Baltimore, Maryland 21215            *

and                                                          *

**N-4, INC.**                                                *

     SERVE ON:   Charles Runkles                     *
                     5616 Park Heights Avenue
                     Baltimore, Maryland 21215            *

and                                                          *

**DEAR MANAGEMENT & CONSTRUCTION**           *
**COMPANY**
                                                             *

     SERVE ON:   Charles Runkles                     *
                     5616 Park Heights Avenue
                     Baltimore, Maryland 21215            *

     *Defendants.*                                     *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allstate Insurance Company (hereinafter "Allstate"), by and through undersigned counsel and pursuant to 28 U.S.C. § 2201, files this Complaint for Declaratory Judgment against Stanley Rochkind and Rhoda Rochkind (hereinafter the "Rochkind Insureds"), and further adds, Charles Runkles; Jack Novograd; N.B.S., Inc.; N-4, Inc.; Dear Management & Construction Company; and William Baker as parties of interest.

## Parties

1.     Allstate is a Delaware corporation licensed to conduct business in Maryland, and has its principal place of business in Illinois.  Allstate issued a Personal Umbrella Policy of insurance to the Rochkind Insureds.

2.      William Baker is an individual who is a resident of Baltimore City, Maryland.  He is a party of interest to this declaratory action given that he is a plaintiff in the Underlying Suit.

3.      Stanley Rochkind is a resident of Baltimore County, Maryland.  Prior to the filing of this declaratory action, Stanley Rochkind was named as a defendant in *William Baker v. N.B.S., Inc., et al.* (Case No.: 24-C-18-000554) (hereinafter the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, William Baker (hereinafter "Baker"), alleges that he contracted poisoning from lead paint from various properties, including a property owned by entities of which Stanley Rochkind is a stockholder/member/partner/manager.   The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City.  By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to the Rochkind Insureds relating to the claims asserted by Baker in the Underlying Suit.

4.      Rhoda Rochkind is a resident of Baltimore County, Maryland.  Prior to the filing of this declaratory action, Rhoda Rochkind was named as a defendant in *William Baker v. N.B.S., Inc., et al.* (Case No.: 24-C-18-000554) (hereinafter the "Underlying Suit"), whereby the plaintiff in the Underlying Suit, William Baker (hereinafter "Baker"), alleges that he contracted poisoning from lead paint from various properties, including a property owned by entities of which Stanley Rochkind is a stockholder/member/partner/manager.  The Underlying Suit currently is pending in the Circuit Court of Maryland for Baltimore City.  By the instant declaratory action, Allstate seeks a declaration regarding its contractual obligations to the Rochkind Insureds relating to the claims asserted by Baker in the Underlying Suit.

5.      Charles Runkles is a resident of Baltimore, Maryland.  He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

6.      Jack Novograd is a resident of Baltimore, Maryland.  He is a party of interest to this declaratory action given that he is a named defendant in the Underlying Suit.

7.      N.B.S., Inc. is a Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  N.B.S., Inc. is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

8.      N-4, Inc. is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  N-4, Inc. is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

9.      Dear Management & Construction Company is a forfeited Maryland corporation, with its principal place of business located at 5616 Park Heights Avenue, Baltimore, Maryland 21215.  Dear Management & Construction Company is a party of interest in this declaratory action given it is a named defendant in the Underlying Suit.

## Jurisdiction and Venue

10.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1441(b).  As required by 28 U.S.C. § 1332, there is complete diversity between the parties and damages exceed $75,000.00, as the Underlying Suit claims damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and the Personal Umbrella Policy of insurance, held by the Rochkind Insureds, provides defense and indemnity coverage up to Five Million Dollars ($5,000,000).  Allstate is incorporated in Delaware, with its principal place of business in Illinois.  Stanley Rochkind and Rhoda Rochkind are residents of Baltimore, Maryland and Baker is a resident of Baltimore City, Maryland.

11.     Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1), as the Rochkind Insureds reside in Maryland and Stanley Rochkind's principal place of business is in Maryland.

Venue also is appropriate pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claim occurred in Baltimore City, Maryland.

## Facts

12.     On or about, February 1, 2018 Baker filed the Underlying Suit, seeking damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) against the Rochkind Insureds and other defendants in the Circuit Court of Maryland for Baltimore City.   The Underlying Suit alleges, and seeks to prove, that Baker contracted harmful, elevated blood lead levels due to exposure to lead paint at a residential property located at 839 Glenwood Avenue (hereinafter the "Subject Premises"), in Baltimore City.   *See* Complaint and Demand for Jury Trial attached hereto as **Exhibit A**.

13.     The Underlying Suit alleges Defendants Stanley Rochkind; Rhoda Rochkind; Charles Runkles; Jack Novograd; N.B.S., Inc.; N-4, Inc.; and Dear Management & Construction Company owned the Subject Premises during the time period alleged in the Complaint.   Upon information and belief, Stanley Rochkind is a partner of N.B.S., Inc.; N-4, Inc.; and Dear Management & Construction Company.   *See* **Exhibit A** at ¶¶ 2-3.

14.     The Complaint in the Underlying Suit indicates that Baker resided, visited, and spent significant amounts of time at the Subject Premises from birth (December 17, 1998) through 2003.   *See* **Exhibit A** at ¶¶ 2-3.

15.     Allstate issued a Personal Umbrella Policy of insurance, No.: 028737150 (hereinafter the "Subject Policy"), which provided excess personal liability coverage for the Rochkind Insureds between June 13, 1988 until June 13, 2000, when it was cancelled.   On June 13, 1999, an exclusion of coverage for claims alleging lead exposure went into effect.   The Subject Policy is attached hereto as **Exhibit B**.

16.     Allstate contends it has no obligation to defend and/or indemnify the Rochkind Insureds for any damages arising from Baker's alleged exposure after June 13, 1999, when coverage for lead exposure under the Subject Policy terminated.

17.     As such, Allstate contends that the Rochkind Insureds are responsible for a pro-rata portion of his indemnity arising from Baker's allegations in the Underlying Suit.

18.     Allstate generally denies that coverage is available for the Rochkind Insureds under the Subject Policy for Baker's alleged injuries; however, in the event that coverage may be available under the Subject Policy, the Subject Policy does not provide coverage for damages that occurred on or after June 13, 1999.

### Count I – Declaratory Judgment

19.     The allegations set forth in Paragraphs 1 through 18 are incorporated herein by reference.

20.     An actual and immediate controversy exists between Allstate and the Rochkind Insureds with respect to Allstate's duties and obligations under the Subject Policy.

21.     Allstate contends that under the Subject Policy there is no indemnity coverage for any damages arising from Baker's lead exposure that occurred on or after June 13, 1999, when the Subject Policy expired.

22.     As such, Allstate contends that the Rochkind Insureds are responsible for all damages awarded to Baker that allegedly arose from exposure to lead occurring on or after June 13, 1999.

23.     Pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts*, Allstate is entitled to an allocation of any potential responsibility under the Subject Policy for damages arising from Baker's alleged exposure.  668 F.3d 106 (4th Cir. 2012)

24.     Allstate is entitled to a determination of its duties with respect to the Rochkind Insureds under the terms of the Subject Policy pursuant to 28 U.S.C. § 2201.

25.     There is a bona fide, actual, present, and practical need for the declaration, which deals with a present, ascertained or ascertainable state of facts, or a present controversy as to a state of facts, and will terminate a controversy and remove an uncertainty.

WHEREFORE, Allstate respectfully requests that this Court enter an Order declaring that coverage is not available for the Rochkind Insureds under the Subject Policy for any damages caused by lead exposure to Baker, occurring on or after June 13, 1999, that the Rochkind Insureds are responsible for all damages caused by exposure which occurred on or after June 13, 1999, and that Allstate's share of the pro-rata allocation of liability is limited to 09.55% of the total of any judgment for Baker, with the Rochkind Insureds liable for the remaining 90.45% of the total of any judgment for Baker, pursuant to *Pennsylvania Nat'l Casualty Ins. Co. v. Roberts,* 668 F.3d 106 (4th Cir. 2012).

Respectfully submitted,


_____/s/ Adam G. Smith_____
Paul J. Weber (Bar No. 03570)
Adam G. Smith (Bar No. 19241)
Sean P. Hatley (Bar No. 20139)
Amanda C. Sprehn (Bar No. 28071)
HYATT & WEBER, P.A.
200 Westgate Circle, Suite 500
Annapolis, Maryland 21401
Phone:          (410) 266-0626
Facsimile:    (410) 841-5065
Email:          pweber@hwlaw.com
Email:          adamsmith@hwlaw.com
Email:          sphatley@hwlaw.com
Email:          asphren@hwlaw.com

*Counsel for Plaintiff*
*Allstate Insurance Company*